# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| AL WELCH, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | CV414-231 |
| | ) | CR410-159 |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) ) | |

## REPORT AND RECOMMENDATION

Petitioner Al Welch, proceeding *pro se*, moved under 18 U.S.C. § 3582(c)(2) to reduce his sentence based on Amendment 782. Doc. 832. The Court denied his motion on the merits, noting that as a Career Offender, nothing in Amendment 782 affected his advisory guideline range. Doc. 833; *see also* Presentence Investigative Report (PSR) at ¶ 34 (calculating Welch's offense level as 32 because he "is a career offender within the meaning of U.S.S.G. § 4B1.1"); *United States v. Hardiman*, 646 F. App'x 852, 855 (11th Cir. 2016) ("Amendment 782 lowered the crack-cocaine base offense levels in § 2D1.1 but did nothing to the career-offender base offense levels in § 4B1.1."). Welch appealed, docs. 864-69, and has asked this Court for permission to proceed with

his appeal *in forma pauperis*. Doc. 872.

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); *see* Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (a claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless); *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact").

Movant appeals the denial of his motion to reduce his sentence under § 3582 in name only: in substance, he seeks reconsideration of his long-ago-denied 28 U.S.C. § 2255 motion. *Compare* doc. 864 (arguing the Court should not have relied on the prior convictions established by his "*Alford* plea conviction" in finding him to be a Career Offender

2

under the Sentencing Guidelines), *with* doc. 783 at 4-6 (arguing ineffective assistance of counsel for failure to challenge the use of an "*Alford* plea conviction" to enhance his sentence). Indeed, he does not even mention Amendment 782 in his appeal, not that it would provide succor here. Doc. 864; *see* PSR at ¶ 34 (imposing career offender enhancement under U.S.S.G. § 4B1.1); *Hardiman*, 646 F. App'x at 855 ("Because [he] was found to be a career offender and sentenced under § 4B1.1, Amendment 782 did not have the effect of lowering the guideline range upon which his sentence was based.").

The Eleventh Circuit has already affirmed the Court's judgment denying Welch's § 2255 motion. *See* docs. 807 (denying his motions for a Certificate of Appealability and leave to proceed *in forma pauperis*), 825 (denying his motion for reconsideration). And it has not authorized any successive attempt to re-litigate his § 2255 motion pursuant to 28 U.S.C. § 2244(b)(3)(A). *United States v. Welch*, 11th Cir. No. 14-15648. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (absent such authorization, this Court lacks jurisdiction to consider any successive § 2255 motion).

The Court thus recommends that Welch's *de facto* § 2255 motion, masquerading as a Notice of Appeal, be denied and no Certificate of Appealability be issued. There are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3). *See Neitzke*, 490 U.S. at 327; *Napier*, 314 F.3d at 531. Thus, the Court should **DENY** movant's application for *in forma pauperis* status on appeal.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and

4

recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __1st__ day of February, 2017.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA