# In the United States District Court
# for the Southern District of Georgia
# Savannah Division

UNITED STATES OF AMERICA

    v.

AL WELCH,

    Defendant.

CR 410-159-5

**ORDER**

Before the Court is Defendant Al Welch's Petition for Writ of Error Coram Nobis, dkt. no. 973, to which the Government has responded in opposition, dkt. no. 974.  For the reasons below, Defendant's motion is **DENIED**.

Pursuant to a written plea agreement, Defendant pleaded guilty to Count 1 of the Superseding Indictment, that is, conspiracy to possess with intent to distribute, and to distribute, controlled substances (50 kilograms or more of marijuana), in violation of 21 U.S.C. § 846.  Dkt. Nos. 617, 618.  For sentencing purposes, Defendant qualified as a career offender because his offense of conviction counted as a "controlled substance offense" under the commentary to the U.S. Sentencing Guidelines.  United States v. Weir, 51 F.3d 1031, 1031 (11th Cir. 1995) (holding that "a conviction of conspiracy to possess with intent to distribute marijuana is a controlled substance offense" under the career-offender enhancement).  On February 21, 2012, the Honorable B.

Avant Edenfield sentenced Defendant to 188 months' imprisonment, followed by five years of supervised release.   Dkt. No. 618. Defendant completed his term of imprisonment on or about January 27, 2025 and began serving his term of supervised release.

In his motion, Defendant moves for a writ of error coram nobis, arguing that his career-offender designation is erroneous because conspiracy no longer qualifies as a controlled substance offense.   Dkt. No. 973 at 4 (citing United States v. Dupree, 57 F.4th 1269 (11th Cir. 2023) (en banc) (holding that U.S.S.G. § 4B1.2(b), the career offender enhancement, excludes inchoate crimes)).   Defendant asks the Court to vacate his sentence, remove the career-offender designation, and amend his presentence investigation report and judgment.   Id. at 8.

> The bar for coram nobis relief is high. First, the writ is appropriate only when there is and was no other available avenue of relief. Second, the writ may issue "only when the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid."

Alikhani v. United States, 200 F.3d 732, 734 (11th Cir. 2000) (internal citations omitted) (citing United States v. Morgan, 346 U.S. 502, 512 (1954) and Moody v. United States, 874 F.2d 1575, 1578 (11th Cir. 1989), then quoting Moody, 874 F.2d at 1576-77).

Defendant fails to meet the high bar for coram nobis relief. While the Eleventh Circuit, in a change of course, did hold in Dupree that inchoate crimes do not support a career offender

2

enhancement, that holding has been abrogated by an amendment to the U.S. Sentencing Guidelines. <u>See</u> U.S.S.G. § 4B1.2(d) (stating that, for purposes of the career offender enhancement, the term "'controlled substance offense' include[s] the offenses of aiding and abetting, attempting to commit, or conspiring to commit any such offense"). Accordingly, Defendant's Petition for Writ of Error Coram Nobis, dkt. no. 973, is **DENIED**.

**SO ORDERED**, this 12th day of February, 2026.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA